# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7315 | **DATE** | July 25, 2003 |
| **CASE TITLE** | *Western United Life Assurance v. Fifth Third Bank* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Fifth Third's motion to dismiss the second amended complaint [30-1] is denied in part and granted in part. Specifically, Count II (common law fraud/fraudulent misrepresentation/ fraudulent concealment) survives the motion to dismiss. However, Western United's claims based on alleged fraud in connection with the second lease and the forged insurance certificate as well as its remaining fraud claims against Fifth Third – aiding and abetting fraud (Count III) and conspiracy to defraud (Count IV) – do not survive the motion to dismiss and are hereby dismissed with prejudice. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUL 29 2003 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | 44 |
| ✓ | Copy to judge/magistrate judge. | | |
| RTS | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED

JUL 2 9 2003

| | | |
|---|---|---|
| WESTERN UNITED LIFE ASSURANCE COMPANY, Plaintiff, | ) ) ) ) | |
| v. | ) ) | 02 C 7315 |
| FIFTH THIRD BANK, SERFIN TRUST, LLC, and SCOTT SERFLING, Defendants. | ) ) ) ) | |

## MEMORANDUM AND ORDER

This case arises out of a series of transactions relating to the failed development of a Ford dealership in Gurnee, Illinois. The court previously granted defendant Fifth Third's motion to dismiss Western United's common law fraud and civil conspiracy claims. Western United amended its complaint to allege three claims as to Fifth Third Bank: common law fraud/ fraudulent concealment/fraudulent misrepresentation (Count II), aiding and abetting fraud (Count III), and conspiracy to defraud (Count IV). For the following reasons, Fifth Third's motion to dismiss these counts is denied in part and granted in part.

## Discussion

For the purposes of the present motion to dismiss, the court will assume familiarity with the summary of the convoluted facts in this case and the standard of review set forth in its prior opinion. To very briefly recap, Western United is an insurance company that makes commercial loans. According to Western United, defendant Scott Serfling and Fifth Third conspired to fraudulently induce it to lend $11.75 million to Serfling and the Serfin Trust to repay a debt owed to Fifth Third. Western United alleges that Fifth Third did this as part of a fraudulent plot to get

Western United to make a bad loan so that Serfling would be able to pay off Fifth Third's otherwise uncollectible loan to Serfling.

With respect to Western United's common law fraud claim, the court previously identified four allegations which were at the heart of Western United's fraud claims: (1) Serfling and Fifth Third agreed that Serfling would obtain a loan from a new lender to pay off the Fifth Third loan; (2) Serfling and Fifth Third agreed to represent that Ford was continuing to lease the property and that the lease payments were enough to support the loan; (3) Fifth Third knew that the Ford lease was a forgery; and (4) Fifth Third provided a forged insurance certificate covering the property to ensure that the Western United loan closed.

This time around, Western United's complaint revisits these four key points as follows:

(1) Prior to February, 2002, Serfling and Fifth Third agreed that Serfling would attempt to obtain a loan from a new lender in order to pay-off the Fifth Third loan. 2d Amended Complaint at ¶ 42, identical to 1st Amended Complaint at ¶ 36, but omits "upon information and belief" language.

(2) Serfling and Fifth Third agreed that in order to induce the new lender to make the loan, they would attempt to convince the prospective lender that Ford continued to have an agreement to lease the Property and Ford Superstore with lease payments sufficient to support the lease. 2d Amended Complaint at ¶ 43, identical to 1st Amended Complaint at ¶ 37.

(3) On information and belief, Fifth Third knew that the Second Ford Lease was a sham. Prior to February, 2002, Fifth Third knew that Ford had conducted a sale of its furniture, fixtures, collateral, and other chattels on the property, removed its trademark from the Property, terminated its lease on the Property and disclaimed any interest in the Property. Fifth Third knew that Ford had terminated the Celozzi Sales and Service Agreement and refused to adjust its lease payments to service the increased debt on the Property. Fifth Third also knew that Serfling was a felon who had been convicted of fraud and accused of forging negotiable instruments and making unauthorized loan requests on the Fifth Third Loan. 2d Amended Complaint at ¶ 58, identical to first sentence of 1st Amended Complaint at ¶ 48 but adds explanation in remainder of paragraph.

(4) Geneva Lakes Insurance does not exist and the certificate was forged. 2d Amended Complaint at ¶ 80, identical to 1st Amended Complaint at ¶ 69-70, but omits "upon information and belief" language

The current complaint contains individual fraud claims directed at Serfling and Fifth Third Bank (Counts I and II, respectively), a claim that Western United aided and abetted Serfling in defrauding it (Count III) and a conspiracy to defraud claim directed at Western United (Count IV). These claims are based on the same set of facts, and Western United's complaint and the parties' briefs co-mingle all of the fraud theories together (although Fifth Third makes a praiseworthy effort to at least explicate the different theories). The court will begin by recapping the elements of each of the fraud theories which Western United appears to be raising.

*Common law fraud*: In order to state a claim for common law fraud under Illinois law, the plaintiff must allege: "a false statement of material fact; defendant's knowledge that the statement was false; defendant's intent that the statement induce plaintiff to act; plaintiff's reliance upon the truth of the statement; and damages resulting from that reliance." *Connick v. Suzuki Motor Co.*, 174 Ill.2d 482, 496 (Ill. 1996).

*Fraudulent concealment*: In order to state a claim for fraudulent concealment under Illinois law, a plaintiff must allege that the defendant concealed a material fact when he was under a duty to disclose that fact to plaintiff. *Id.* at 500. A bank generally has no obligation to refrain from attempting to shift a loss to another entity unless: (1) a fiduciary or confidential relationship exists; (2) a contractual relationship exists; (3) there is a duty created by law; and (4) the defendant bank engages in fraud or misrepresentation. *Frost Nat. Bank v. Midwest Autohaus, Inc.*, 241 F.3d 862, 872 n.7 (7th Cir. 2001). Here, of course, Western United has alleged fraud so the fact that Fifth Third is a bank does not automatically protect it.

*Fraudulent misrepresentation*: In order to state a claim for fraudulent misrepresentation under Illinois law, a plaintiff must allege that: (1) the defendant intentionally made a false statement of a material fact; (2) the plaintiff had a right to rely on that false statement; (3) the statement was made for the purpose of inducing reliance thereon; (4) the plaintiff in fact relied on the statement; and (5) the plaintiff suffered injury as a direct result. *Trustees of AFTRA Health Fund v. Biondi*, 303 F.3d 765, 776 n.10 (7th Cir. 2002).

*Conspiracy to defraud*: Under Illinois law, "[a] civil conspiracy consists of a combination of two or more persons for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means." *Bilut v. Northwestern Univ.*, 296 Ill. App. 3d 42, 49 (1st Dist.1998). Thus, to state a claim for conspiracy to defraud, a plaintiff must allege that an agreement existed and that the defendants committed a tortious act in furtherance of that agreement. *Burgess v. Abex Corp.*, 311 Ill.App.3d 900, 903 (4th Dist.2000).

With these precepts in mind, the court turns to the key allegations relating to the purported fraud which appear in the second amended complaint. The court also notes that its task in sifting through the second amended complaint is doubly difficult because Western United declined to divide its fraud claims into different counts based on the various types of fraud.

First, the court considers whether the complaint adequately alleges facts supporting the inference that Serfling and Fifth Third agreed that Serfling would attempt to obtain a loan from a new lender in order to pay off the Fifth Third loan or that Fifth Third defrauded Western United in connection with Western United's issuance of a loan. According to Western United, Fifth Third's attorney knowingly gave it false information about Fifth Third's plans for the car dealership and did not disclose negative information about Serfling.

These allegations are enough to support claim for common law fraud, fraudulent concealment, and fraudulent misrepresentation against Fifth Third. They do not, however, support an inference that Serfling and Fifth Third had an agreement to scam a new lender, let alone entered into the agreement outlined in Western United's complaint. They simply show that Fifth Third was intentionally less than forthcoming about its plans for the dealership and its relationship with Serfling. The current complaint thus fails to create an inference that Fifth Third and Serfling had an agreement to defraud a new lender.

Western United also alleges that Serfling and Fifth Third agreed to convince it that Ford continued to have an agreement to lease the dealership and that Fifth Third affirmatively represented that the lease payments were sufficient to support the lease. As with the previous allegation, the alleged affirmative misrepresentations are enough to support the fraud claims against Fifth Third but not enough to show that the purported agreement existed. The fact that Fifth Third permitted Serfling to refinance, without more, does not create an inference that Fifth Third and Serfling were engaged in a nefarious plot directed at Western United. It merely shows that Fifth Third decided to let Serfling refinance if he received money to pay off at least part of that loan. Given that everyone agrees that the car dealership was a losing proposition, this is perfectly rational. The court declines to use the fact that Western United ultimately made a bad loan to read some sort of hidden agreement into this transaction.

Third, Western United alleges that Fifth Third knew that the *second* lease was a sham because it knew that Ford had pulled out from the *first* lease and that Serfling was a crook who was nevertheless somehow obtaining additional financing. The only rational inference to be drawn from these allegations is that the *first* lease was no longer in effect and that Fifth Third

knew that Serfling was not an ideal borrower but was getting monies from another lender. These allegations do not support an inference that Fifth Third knew that the *second* lease was a sham.

This brings the court to the final allegation of fraud against Western United: that Fifth Third was somehow involved with the allegedly non-existent Geneva Lakes Insurance Company and the creation of a forged insurance certificate. In support, Western United has attached a copy of the purportedly forged certificate. This additional fact does not support the inference that Fifth Third was involved in the alleged forgery.

This leaves the court with one more type of purported fraud – Western United's claim that Fifth Third aided and abetted Serfling in defrauding it. The Seventh Circuit has expressly found that the tort of aiding and abetting fraud does not exist in Illinois. *Eastern Trading Co. v. Refco, Inc.*, 229 F.3d 617, 624 (7th Cir. 2000) ("[o]ne who aids and abets a fraud is guilty of the tort of fraud (sometimes called deceit); nothing is added by saying that he is guilty of the tort of aiding and abetting as well or instead").

For the above reasons, the fraud claims against Fifth Third in Count II based on allegations that Fifth Third knowingly concealed material information or provided false information in connection with the loan and/or Serfling survive Fifth Third's motion to dismiss. However, the claims based on the second lease and the forged insurance certificate do not survive the motion to dismiss. In addition, the remaining fraud claims against Fifth Third – aiding and abetting fraud (Count III) and conspiracy to defraud (Count IV) – also do not survive the motion to dismiss.

## Conclusion

Fifth Third's motion to dismiss the second amended complaint [30-1] is denied in part and granted in part. Specifically, Count II (common law fraud/fraudulent misrepresentation/ fraudulent concealment) survives the motion to dismiss. However, Western United's claims based on alleged fraud in connection with the second lease and the forged insurance certificate as well as its remaining fraud claims against Fifth Third – aiding and abetting fraud (Count III) and conspiracy to defraud (Count IV) – do not survive the motion to dismiss. Because Western United has already had an opportunity to attempt to replead these claims, they are hereby dismissed with prejudice.

DATE: JUL 2 5 2003

Blanche M. Manning
United States District Court Judge

02cv7315.md2